Mr. Gene E. McKissic, Attorney at Law Cross, Kearney McKissic 100 South Pine Street P.O. Box 6606 Pine Bluff, Arkansas 71611
Dear Mr. McKissic:
I am writing in response to your request, presumably made under A.C.A. §25-19-105(c)(3)(B), for an opinion as to whether your client's personnel records are a matter of public record under the Arkansas Freedom of Information Act ("FOIA"), codified at A.C.A. §§ 25-19-101 to -109 (Repl. 1996), as amended by Act 1653 of 2001. You note that you represent an employee of the Department of Community Punishment who was recently disciplined by his employer and that at least one FOIA request has been filed with the Department for his personnel records. You state that your client has appealed the disciplinary action taken against him and desires that none of his records be released. You ask my opinion as to whether his "personnel records" are a matter of public record.
RESPONSE
You have not indicated the scope of the records requested, or the decision of the custodian as to the release of any records. My charge under A.C.A. § 25-19-105(c)(3)(B) is to review the decision of the custodian to determine its consistency with the provisions of the FOIA. In addition, you have not indicated the nature of the disciplinary action taken against your client. I cannot opine on the public nature of the records in question without these facts.
I can, however, set out the relevant tests to guide the determination of the records public or non-public status.
Some of the requested documents may be properly classified as "personnel records," and some may be properly classified as "employee evaluation or job performance records" for purposes of the FOIA. The classification of records is crucial because the standards for disclosing the different types of records differ. "Personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. § 25-19-105(b)(12). "Employee evaluation or job performance records" on the other hand, (including "preliminary notes and other materials"), are disclosable only if the following conditions have been met: (1) There has been a final administrative resolution of any suspension or termination proceeding; (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and (3) There is a compelling public interest in the disclosure of the records in question. A.C.A. § 25-19-105(c)(1).
"Personnel records" have been described as all records, other than employee evaluation/job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Ark. Op. Att'y Gen. Nos. 2000-130 and 99-147, citing J. Watkins, The Arkansas Freedom ofInformation Act (m m Press, 3rd ed. 1998) at 134.
"Employee evaluation or job performance records," on the other hand, have been described as records relating to an employee's performance or lack of performance on the job. See, e.g., Ark. Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations of course qualify. This office has also previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
The custodian should make a determination as to the proper classification of the records in question and then proceed to apply the appropriate test. For "personnel records," the test is described as follows:
 If . . . any of the documents in question are, in fact, "personnel records," the issue becomes whether their release would constitute a clearly unwarranted invasion of the personal privacy of the employees to whom the records pertain. The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase and adopted a balancing test to determine if it applies, weighing the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the personnel records must be disclosed. The court in Young stated:
 "The fact that section § 25-19-105(b)(12) exempts disclosure of personnel records only when a clearly unwarranted personal privacy invasion would result, indicates that certain `warranted' privacy invasions will be tolerated. Thus, section § 25-19-105(b)(12) requires that the public's right to knowledge of the records be weighed against an individual's right to privacy. . . . Because section § 25-19-105(b)(12) allows warranted invasions of privacy, it follows that when the public's interest is substantial, it will usually outweigh any individual privacy interest and disclosure will be favored.
Op. Att'y Gen. 2001-142, citing 308 Ark. at 598.
If "personnel records," rather than "employee evaluation or job performance records" have been requested, it is possible, indeed even likely, that some of the information contained therein will be subject to public inspection and copying. Proper redactions, of course must be made for information the release of which would give rise to a "clearly unwarranted invasion of personal privacy," or information exempt on the basis of other provisions of the FOIA or law. See in this regard Op. Att'y Gen. 2001-203.
With regard to employee evaluation or job performance records, suspension or termination of the employee in question is a threshold requirement for disclosure of the documents. See e.g., Ops. Att'y Gen. 2001-106; 97-189; and 97-154. If there has been no suspension or termination of the employee in question, the employee's evaluation or job performance records are not subject to disclosure. In addition, even if there has been a suspension or termination of the employee, the release of any job performance records is premature unless there has been a "final administrative resolution" of the suspension or termination. You state that your client is "appealing" the disciplinary action taken against him. If your client is currently pursuing an "administrative" appeal of a suspension or termination decision, the records are not subject to disclosure until a final administrative resolution and unless there is a "compelling public interest in disclosure." A.C.A. § 25-19-105 (c)(1).See also, Ops. Att'y Gen. 2001-203 (for a discussion of the "compelling public interest" requirement).
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh